Will M. GILLIS, Appellant,

v.

MINERS AND MERCHANTS BANK OF ALASKA, a corporation, Appellee.

No. 16147.

United States Court of Appeals
Ninth Circuit.

Oct. 12, 1959.

Taylor & Taylor, Warren Taylor, Fred D. Crane, Fairbanks, Alaska, for appellant.

James A. von der Heydt, Nome, Alaska, Faulkner, Banfield & Boochever, John H. Dimond, Juneau, Alaska, for appellee.

Before BONE and HAMLEY, Circuit Judges, and BOWEN, District Judge.

HAMLEY, Circuit Judge.

Will M. Gillis sued Miners and Merchants Bank of Alaska to recover $11,-225. He alleged that funds in that amount, owned by him, had been wrongfully withheld by the bank. In a second cause of action he sought $25,000 as damages claimed to have been sustained by reason of the asserted conversion of $11,-225.

The bank denied the essential allegations of the complaint. It also counterclaimed for a sum equal to or exceeding $11,225 on alternative theories of restitution, unjust enrichment, and subrogation. The gist of these counterclaims was that the bank was entitled to set off this $11,225 in payment of a claim which the bank had against Gillis as a result of an unrelated transaction.

Summary judgment was entered for the bank on its counterclaims in the sum of $11,225 and attorney's fees. In this judgment it was recited that the bank had in its possession $11,225 which belonged to Gillis. It was provided in the judgment that the bank might apply this $11,225 in satisfaction of its judgment on the counterclaims.

Gillis appeals. He argues that the case should not have been disposed of by summary judgment because there was a genuine issue as to a material fact.

A summary judgment may not be entered if the pleadings, depositions, admissions, and affidavits on file show that there is a genuine issue as to any material fact. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. For the reasons stated below, we hold that there was no such issue, and affirm the judgment.

The only genuine issue as to a material fact for which appellant contends in his brief has to do with the terms of the assignment of a building contract from Gillis to the bank. It was under this assignment that the bank received the $11,-225 for which Gillis sought recovery in his first cause of action.

The unresolved issue of fact, according to appellant's brief, is whether under the terms of that assignment the bank was entitled to reimburse itself for Gillis' indebtedness to the bank resulting from prior transactions. It is asserted in appellant's brief that Gillis delivered the written assignment to the bank upon the oral understanding that after the bank had reimbursed itself for certain specific advances against the assignment, the excess was to be remitted to Gillis unaffected by any other transactions between the parties.

Appellant argues that this issue of fact came into being when allegations concerning such an oral understanding, made in his complaint, were denied in the bank's answer.

There was attached to the complaint, and therefore made a part of the pleadings, a copy of the written assignment of the building contract from Gillis to the bank. It appears to be a complete and unambiguous instrument, and appellant does not contend otherwise. The last paragraph of this assignment reads as follows:

"This assignment is made and entered into to secure and provide for the payment of any and all obliga-

tions now due or owing or which may hereafter be or become due or owing by the undersigned Assignor to the Bank."

According to the quoted paragraph, the assignment was given to secure "any and all obligations," past or present. This would include the obligations arising under the unrelated transaction referred to in the counterclaims.

In his complaint Gillis proposes to overcome this specific written provision by showing a prior or contemporaneous oral agreement to the contrary. But, since the assignment is complete and unambiguous, the parol evidence rule stands in the way of introducing such evidence. Maryland Casualty Co. v. United States, 8 Cir., 169 F.2d 102, 110. Hence, as disclosed by the pleadings alone, there is no genuine issue of fact concerning the scope of the assignment.

■ But even if the pleadings standing alone could be said to present such an issue of fact, this would not preclude the entry of a summary judgment. The granting or denial of a summary judgment is to be based not alone upon the pleadings but upon undisputed extrinsic facts presented by means of depositions, admissions, and affidavits. Rule 56(c), Federal Rules of Civil Procedure, 28 U. S.C.A.

Depositions produced by the bank tend to show that after the assignment had been made and after the bank had received the $11,225 thereunder, Gillis understood that the bank had the right to apply this money in payment of unrelated obligations. The same depositions tend to show that if there had been a prior oral agreement limiting the bank's rights in this respect it was waived by Gillis after the $11,225 had been received by the bank. No affidavits or depositions countering such showing were filed by Gillis.

We therefore conclude that whether the pleadings alone be considered or whether the uncontroverted depositions before the court be also considered, the trial court correctly determined that with regard to the rights of the bank under the assignment of the building contract no genuine issue of any material fact was presented.

This disposes of the only question presented in appellant's brief. At the oral argument, however, counsel for Gillis made little mention of that question. Rather, he argued the altogether different question of whether a genuine issue of a material fact existed concerning the bank's claim arising in the unrelated transaction, as set out in the counterclaims.

■ The bank's counterclaims were based on the fact that when Gillis assigned a real and chattel mortgage to the bank in consideration of the payment of $15,000, he did not assign to the bank a $19,854.83 promissory note for which the mortgage was given as security. The trial court held in effect that the note should have gone with the mortgage. In his oral argument in this court, however, counsel for appellant asserts that as a matter of fact the bank did not expect or intend to receive the note, but was looking only to the mortgage.

It would be sufficient to dispose of this contention by pointing out that it was not specified as error or discussed in appellant's brief. However, we have examined the record as if the point were properly presented, and are convinced that it is without merit.

The uncontroverted depositions show that Gillis wrongfully failed to disclose to the bank that the $19,854.83 note was not in his possession when the mortgage was assigned, it having been attached in a prior suit brought against Gillis by another person. The depositions also show that while the bank may have been negligent in not requiring assignment of the note contemporaneously with the assignment of the mortgage, it did not intend to pay Gillis $15,000 for the mortgage alone. Hence, as to this asserted question of fact the court correctly held that no genuine issue was presented.

Affirmed.